**2017-1698; 2017-1699; 2017-1701**

In The
# United States Court of Appeals
### For The Federal Circuit

### APPLICATIONS IN INTERNET TIME, LLC,

*Appellant,*

v.

### RPX CORPORATION,

*Appellee.*

**APPEALS FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE, PATENT TRIAL AND APPEAL BOARD IN NOS. IPR2015-01750, IPR2015-01751, AND IPR2015-01752.**

### RESPONSE TO PETITION FOR REHEARING *EN BANC*

Steven C. Sereboff
SOCAL IP LAW GROUP LLP
310 North Westlake Boulevard, Suite 120
Westlake Village, California  91362
(805) 230-1350 (Telephone)
(805) 230-1355 (Facsimile)
ssereboff@socalip.com

*Counsel for Appellant*

# Certificate of Interest

Counsel for the appellant certifies the following:

1. Full Name of Party Represented by me: Applications in Internet Time, LLC.

2. Name of Real Party in interest represented by me: None.

3. Parent corporations and publicly held companies that own 10% or more of stock in the party: None.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are: SoCal IP Law Group LLP, Steven C. Sereboff.

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. See Fed. Cir. R. 47. 4(a)(5) and 47.5(b):

    RPX Corporation v. Applications in Internet Time, LLC, *Inter Partes* Review No. IPR2017-01750 (P.T.A.B., filed Aug. 17, 2015); RPX Corporation v. Applications in Internet Time, LLC, *Inter Partes* Review No. IPR2017-01751 (P.T.A.B., filed Aug. 17, 2015); RPX Corporation v. Applications in Internet Time, LLC, *Inter Partes* Review No. IPR2017-01752 (P.T.A.B., filed Aug. 17, 2015); and *Applications in Internet Time, LLC v. Salesforce.com, Inc.*, No. 3:13-cv-00628 (D. Nev.)

| | |
|---|---|
| October 5, 2018 | /s/ Steven C. Sereboff |
| Date | Signature of Counsel |
| | |
| | Steven C. Sereboff |
| | Printed Name of Counsel |

# Table of Contents

Page

Certificate of Interest .................................................................................. i

Table of Authorities .................................................................................. iii

Introduction ................................................................................................ 1

RPX makes only Bald Assertions that the Panel Opinion is Inconsistent with *WesternGeco* or Congressional Intent ........................................................ 2

RPX failed to show that the Panel Opinion is Inconsistent with *Taylor v. Sturgell* ........................................................................................ 3

The Panel Opinion Correctly instructs the Board on Due Process ............ 6

Conclusion .................................................................................................. 8

Certificate of Filing and Service

Certificate of Compliance

# Table of Authorities

**Page(s)**

**Cases**

*Taylor v. Sturgell*,
    553 U.S. 880, 128 S. Ct. 2161 (2008) .................................................*passim*

*WesternGeco LLC v. ION Geophysical Corp.*,
    889 F.3d 1308 (Fed. Cir. 2018) ....................................................................2, 3

**Statutes**

35 U.S.C. § 312(a) ........................................................................................2

35 U.S.C. § 315(b) ................................................................................1, 2, 4

**Other Authority**

H.R. Rep. No. 112-98 ....................................................................................8

**RESPONSE TO PETITION FOR REHEARING *EN BANC***

**Introduction**

Appellant Applications in Internet Time, LLC ("AIT") hereby responds to the petition by Appellee RPX Corporation ("RPX") for rehearing *en banc*.

The panel's 41 page opinion and the 15 page concurrence address one thing: errors made by the Patent Trial and Appeal Board ("Board") in deciding whether three related petitions for *inter partes* review ("IPR") were time barred. AIT had argued to the Board that RPX was a proxy for its client, Salesforce.com, Inc. ("Salesforce"). Op. 2. That is, AIT argued that Salesforce was a real party in interest or a privy under the statutory scheme, and RPX was surreptitiously acting on behalf of Salesforce. Because Salesforce was time-barred under 35 U.S.C. § 315(b), AIT argued that RPX was also time-barred. *Id*. The panel vacated the Board's decisions and remanded. Op. 2-3.

The panel opinion's closing sentence decried "RPX's somewhat bald assertions regarding who the real parties in interest are in these IPRs." Op 41. These strong words also aptly describe much of RPX's petition.[1]

---

[1] One must also be vigilant when reading RPX's assertions of facts, even if they include a citation. For example, RPX's petition states, "the panel held that the fact that RPX had a valid interest in pursuing IPR was irrelevant …" Pet. 7. This is at best misleading, but better viewed as false. The panel did not hold that RPX had a valid interest. Actually, what the panel wrote was that RPX did not need a reason to petition for IPR. Op. 31.

1

RPX predicates its petition on several grounds. Primarily, RPX argues that the panel's decision conflicts with *Taylor v. Sturgell*, 553 U.S. 880, 128 S. Ct. 2161 (2008). Pet. 1. RPX also argues that the panel opinion conflicts with *WesternGeco LLC v. ION Geophysical Corp.*, 889 F.3d 1308 (Fed. Cir. 2018) and Congressional intent. *Id.* RPX is wrong on all grounds.[2]

In short, RPX would have the Court twist § 315(b) around. In RPX's view, if it had an interest in filing the petitions for IPR, then Salesforce's interests were irrelevant. Pet. 12. As recognized by the panel, though, citing 35 U.S.C. § 312(a), "Congress understood that there could be multiple real parties in interest." Op. 18. The statute is clear, and the panel opinion correctly interpreted the statute, the common law and Congressional intent.

**RPX makes only Bald Assertions that the Panel Opinion is Inconsistent with *WesternGeco* or Congressional Intent**

With a gentle poke, RPX's reliance upon *WesternGeco* readily falls apart. Though RPX argues that the panel decision conflicts with *WesternGeco*, Pet. 1, 10, 11, RPX fails to explain why. Aside from the bald assertions themselves, RPX's entire discussion of *WesternGeco* spans one paragraph in which it simply summarizes the holding. Pet. 9-10. Nowhere does RPX explain how it sees the panel

---

[2] Counsel for RPX asserts that the petition presents a question of "exceptional importance." Pet. 1. This bald assertion is contradicted by the absence of amicus briefs, not even from Salesforce. The petition is a matter of selfish interest.

2

decision as conflicting with that precedent. There is an easy answer why the petition has only bald assertions about *WesternGeco* – the panel decision is consistent with *WesternGeco*.

RPX's reliance upon Congressional intent falls apart even more easily because <u>RPX nowhere even cites the Congressional record</u>. Every RPX reference to Congress is bald assertion. Pet. 1, 3, 4, 8, 10, 12, 13, 15, 16, 17. No citations to the Congressional record. Just bald, unsupported argument. To the contrary, as recognized by the panel, Congress intended to prevent the kind of gaming that RPX attempted here. Op. 24-26. See also *WesternGeco*.

**RPX failed to show that the Panel Opinion is Inconsistent with *Taylor v. Sturgell***

One can readily see that the panel opinion is entirely consistent with *Taylor v. Sturgell*. Though RPX asserts "striking" parallels of this case with *Taylor v. Sturgell*, Pet. 10, one would have to stand in a twisted universe to see that. This case and *Taylor v. Sturgell* have critical factual differences. Aside from both relating to *res judicata*, the specific facts differ markedly.

*Taylor v. Sturgell* arose from Freedom of Information Act (FOIA) requests. First, Greg Herrick used FOIA to request certain information. *Taylor* 2167. The Government denied the request. *Taylor* 2168. Herrick then sued and lost. *Id*. Brent Taylor made a separate FOIA request for the same information. *Id*. The Government denied Taylor's request. *Id*. Taylor also sued, and both the district court and the court

3

of appeals held that Taylor's request was bound by the judicial decisions on Herrick's FOIA request. *Taylor* 2168-2170. The Supreme Court vacated the judgement of the court of appeals so that the lower courts could then properly apply the law to the facts. *Taylor* 2180.

This appeal arose from IPRs brought by RPX against two patents owned by AIT. Op 2. More than one year before RPX filed the petitions for IPR against AIT, AIT had sued Salesforce. *Id.* RPX itself was unthreatened by AIT or its patents. However, there was no dispute that Salesforce had a real interest in the outcome of the IPRs, that Salesforce was an RPX client, and that Salesforce had paid RPX "substantial sums" for its services. The panel concluded that the Board had used an unduly narrow view of the range of relationships under § 315(b) and the common law that could make Salesforce a real party in interest with respect to the IPRs. Op. 40. The panel further held that the Board did not even properly apply the principles articulated in its own Trial Practice Guide upon which it purported to rely. *Id.* The panel further concluded that the Board failed to comply with its obligations under the APA to consider the evidence that justifies and detracts from its conclusions and to explain sufficiently its rationale for rejecting AIT's arguments and theories. *Id.* The panel vacated the judgement of the Board so that the Board could then properly apply the law to the facts.

The facts of *Taylor v. Sturgell* and the facts here differ on two central issues to *res judicata*:

- the interest of the parties
- the relationship of the parties.

The two issues are mapped to the facts of the two cases in the following chart:

| Issue | *Taylor v. Sturgell* | *AIT v. RPX* |
|---|---|---|
| interest of the parties | (a) Herrick had a demonstrated interest in his FOIA request. (b) Taylor had his own demonstrated interest in his FOIA request. | (a) Salesforce has a significant interest in the IPRs. (b) RPX had no direct interest in the IPRs. |
| relationship of the parties | Taylor was merely Herrick's friend. | Salesforce is a *client* of RPX. Salesforce paid RPX *substantial sums of money* to help Salesforce with its patent liability problems. |

These are highly material differences between this case and *Taylor v Sturgell*. These differences are "striking," to use RPX's own word. Pet. 10.

In contrast, the Supreme Court's own words emphasize the material differences between this case and *Taylor v. Sturgell*. The Supreme Court in *Taylor*

5

*v. Sturgell* explained that, of the six grounds for nonparty preclusion it described, four of the six had no application to the facts there. *Id.* 2178. Those four grounds included (a) the absence of any indication that Taylor and Herrick had any legal relationship, or (b) the absence of any indication that Taylor exercised any control over Herrick's suit. In contrast, the panel here recognized evidence of both (a) a legal relationship between Salesforce and RPX, Op. 38, and (b) an indication that Salesforce exercised control over RPX's IPRs against AIT. Op. 39 ("preclusion by consent and estoppel by conduct" such as acquiescence).

Thus, RPX's challenge to the panel decision as conflicting with *Taylor* fails.

**The Panel Opinion Correctly instructs the Board on Due Process**

The panel opinion ends the charade of IPRs filed by vigilantes who were easily evading the Congressional mandate against filings on behalf of a "real party in interest, or privy of the petitioner."

In its petition, RPX itself recognizes that it has a suspicious business model. Pet. 16. RPX has proclaimed that (1) it "is the leading provider of patent risk solutions, offering defensive buying, acquisition syndication, patent intelligence, insurance services, and advisory services," (2) its "interests are 100% aligned with those of [their] clients," id. at 71; (3) RPX "work[s] to ensure that each RPX client avoids more in legal costs and settlements each year than they pay RPX in subscription fees," and (4) although RPX "prevent[s] patent litigation," it also "can

6

help after a litigation has begun." Op. 4-5 (quoting RPX). The panel saw an implication that RPX can and does file IPRs to serve its clients' financial interests, and that a key reason clients pay RPX is to benefit from this practice in the event they are sued by an NPE. Op. 27.

In its petition, RPX itself also recognizes a reasonable person could see tactical maneuvering between RPX and Salesforce. Pet. 16. Perhaps this arises from RPX's proclamation that its "insight into the patent market allows [it] to serve as an extension of a client's in-house legal team to better inform its long-term IP strategy," its strategies include "facilitati[ng] . . . challenges to patent validity." Op. 5 (quoting RPX). RPX's "Validity Challenge Identification Process and Best Practices" reads like an instruction manual on willful blindness. *See also* Op. 34-35, regarding specific interactions between RPX and Salesforce.

This tactical maneuvering includes giving Salesforce multiple bites at the apple, and twisting the meaning of the claims like a nose of wax. Salesforce got its first bite at the apple by filing petitions for covered business method review, which the Board denied. Op. 3. The IPRs here are Salesforce's second bite at the apple. In *Markman* briefing before the district court, Salesforce argued a narrow claim construction, twisting the nose of wax one way. The Board, by concluding that RPX was independent of Salesforce, freed RPX to argue broad claim construction without consequence and twisting the nose of wax the other way. This kind of gaming of the

7

system is not what Congress intended. *See e.g., Op.* 24-25, quoting H.R. Rep. No. 112-98 at 48 (AIA proceedings should "not be used as tools for harassment or a means to prevent market entry through repeated litigation and administrative attacks on the validity of a patent.").

**Conclusion**

RPX has failed to raise any significant or honest basis to rehear this case *en banc*. AIT therefore humbly asks the Court to deny the petition for rehearing *en banc*.

Date: October 5, 2018                                  Respectfully submitted,

/s/ Steven C. Sereboff
Steven C. Sereboff
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, California 91362
(805) 230-1356 (Telephone)
(805) 230-1355 (Facsimile)
ssereboff@socalip.com

*Attorney for Appellant,*
*Applications in Internet Time, LLC*

## Certificate of Filing and Service

I hereby certify that on this 5th day of October, 2018, I caused this Response to Petition for Rehearing *en banc* to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

>Michael N. Rader
>Richard Giunta
>Elisabeth Hunt
>WOLF, GREENFIELD & SACKS, PC
>600 Atlantic Avenue
>Boston, Massachusetts  02210
>(617) 646-8000 (Telephone)
>(617) 646-8646(Facsimile)
>mrader@wolfgreenfield.com
>rgiunta@wolfgreenfield.com
>ehunt@wolfgreenfield.com
>
>*Counsel for Appellee*

I further certify that on this 5th day of October, 2018, I caused the required copies of the Response to Petition for Rehearing *en banc* to be hand filed at the Office of the Clerk, United States Court of Appeals for the Federal Circuit in accordance with the Federal Circuit Rules.

>/s/ Steven C. Sereboff
>*Counsel for Appellant*

# Certificate of Compliance

1. This response complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    [ X ] this response contains [*1,754*] words.

    [　] this response uses a monospaced type and contains [*state the number of*] lines of text.

2. This response document complies with the typeface and type style requirements because:

    [ X ] this response has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

    [　] this response has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated:  October 5, 2018                    /s/ Steven C. Sereboff
                                            *Counsel for Appellant*